IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J. ADERHOLT,

      Petitioner,                             No. CIV S-10-2760 GGH P

    vs.

MIKE McDONALD, Warden,[1]

      Respondent.                         ORDER

                                  /

Introduction

        Petitioner, a state prisoner proceeding pro se, has purportedly filed a petition pursuant to 28 U.S.C. § 2254.[2] The docket indicates that petitioner paid the filing fee. Petitioner sets forth that he was convicted, pursuant to a guilty plea, of attempted murder and personal use

---

[1] Although petitioner named the "California Board of Pardons" as respondent,"[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). Therefore, the court has substituted in the name of the warden at High Desert State Prison, where petitioner is evidently incarcerated.

[2] This case was transferred in from the Central District of California on October 13, 2010.

1

of a firearm in Riverside, California and sentenced to a term of 18-years-to-life in 1995.  Petition, p. 1.  Petitioner by his present filing neither specifically identifies the parole denial decision he challenges nor does he set forth the basis of his challenge to any such decision.  See Petition, pp. 5-6.  Rather, the two grounds he raises relate solely to petitioner's having apparently been denied another parole suitability hearing by the Board of Parole Hearings (BPH) (at the unidentified parole hearing) for ten years.  Id.

As his first ground, petitioner claims that the ten-year period violates the ex post facto clause because in 1995, when he was sentenced, the maximum parole denial period was five years and that retroactive application of Marsy's Law alters not only the conditions of his sentence but the terms of his plea agreement.[3]  Petition, p. 5.  In his second ground, petitioner claims that the ten-year denial, which he avers is more than half his original sentence, is a draconian application and violates the Eighth Amendment's cruel and unusual punishment clause.  Id.

Analysis

In failing to challenge the substance of the underlying parole denial decision itself, petitioner has failed to frame claims pursuant to 28 U.S.C. § 2254.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).  The Supreme Court has determined that where prisoners challenged the constitutionality of state procedures to deny parole eligibility or suitability, these claims were cognizable under 42 U.S.C.

---

[3] Petitioner is apparently referencing the amended provisions of Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

§ 1983. Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005) ("Success...does not mean immediate release from confinement or a shorter stay in prison" but "at most [a] new eligibility review" or "a new parole hearing...."). Moreover, the High Court expressly noted that a claim seeking "an injunction barring *future* unconstitutional procedures did *not* fall within habeas' exclusive domain." Id. at 81, 125 S.Ct. at 1247 [emphasis in original.] Even earlier, the Ninth Circuit had found that the challenge of inmates to a sex offender treatment program as a violation of, inter alia, the ex post facto clause and their due process rights was appropriate under § 1983 because victory could only result in "a ticket to get in the door of the parole board....," and did not undermine the validity of convictions or continued confinement. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).

The case is also complicated by the fact that a 42 U.S.C. § 1983 action is pending with respect to the validity of the Marsy's Law provision at issue. Gilman v. Fisher, CIV-S-05-0830 LKK GGH, is a case which proceeds as a class action on behalf of prisoners convicted of murder and serving a sentence of life with the possibility of parole with at least one parole denial, challenging the state procedures denying class members parole as well as the deferred reconsideration following a denial. The Ninth Circuit has affirmed Judge Karlton's order certifying the class. See Mandate, filed on June 28, 2010, in Gilman v. Fisher, CIV-S-05-0830 LKK GGH (Docket # 258), of which this court takes judicial notice.[4] Should petitioner, as a prisoner convicted of *attempted* murder and serving a life term with the possibility of parole be deemed a member of the class, he may not as a member plaintiff of a class action for equitable relief from prison conditions maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for

---

[4] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought
2  where there is an existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th
3  Cir.1988) (en banc) ("To allow individual suits would interfere with the orderly administration of
4  the class action and risk inconsistent adjudications.").

5  　　　　　Even if petitioner, as an attempted murderer, may not fit the parameters of the
6  Gilman class action, it is nevertheless generally in the context of an action pursuant to 42 U.S.C.
7  § 1983 that petitioner, as plaintiff, may challenge the constitutionality of Marsy's Law.  Here, as
8  noted, petitioner challenges the validity of a parole statute or regulation on the basis that its
9  application to him violates the ex post facto clause.  Although petitioner's ultimate goal is a
10 speedier release from incarceration, the immediate relief sought here vis-a-vis Marsy's Law is a
11 speedier *opportunity* to *attempt* to convince BPH once again that he should be released; that is
12 too attenuated from any past finding by the BPH of parole suitability for such a claim to sound in
13 habeas.

14 Conclusion

15 　　　　　The court will afford the warden an opportunity to be heard on the question of
16 whether on not petitioner qualifies as a Gilman class member.  If he does, the petition will be
17 dismissed and petitioner will proceed as a member of the Gilman class.  If he does not, the
18 petition will be dismissed with leave granted for petitioner, as plaintiff, to file an individual §
19 1983 civil rights action, challenging the constitutionality of the application of Marsy's Law to
20 him.  Thus, in either event, petitioner may not proceed as to the future aspects of the unidentified
21 BPH decision in a habeas petition.

22 　　　　　Accordingly, IT IS ORDERED that:
23 　　　　　1. Mike McDonald, Warden, is substituted in as respondent in place of the
24 "California Board of Pardons," and the Clerk of the Court is directed to note the substitution in
25 the docket of this case;
26 　　　　　2. The Clerk of the Court shall serve a copy of this order, *the*

*consent/reassignment form contemplated by Appendix A(k) to the Local Rules of this court* together with a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General;

        3. Respondent is directed to inform the court, within fourteen days, of his position with regard to whether or not petitioner qualifies as a plaintiff class member in <u>Gilman v. Fisher,</u> CIV-S-05-0830 LKK GGH.

DATED: October 18, 2010

        /s/Gregory G. Hollows

        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

GGH:009
ader2760.ord