IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J. ADERHOLT,

    Petitioner,                   No. CIV S-10-2760 GGH P

    vs.

MIKE McDONALD, Warden,

    Respondent.                ORDER

_____/

        By Order filed on October 18, 2010, the warden was afforded an opportunity to be heard on the question of whether petitioner, convicted of attempted murder, pursuant to a plea of guilty, and personal use of a firearm and sentenced in 1995 to a 18-year-to-life term, qualifies as a class member of the Gilman v. Fisher, CIV-S-05-0830 LKK GGH, class action. Petitioner who purported to have filed a petition under 28 U.S.C. § 2254 has not therein challenged the basis for a particular parole denial decision but rather the fact that the denial was for a ten-year period, seeking to implicate the application of Marsy's Law[1] to him as ex post facto and a violation of the Eighth Amendment. See Order, filed on October 18, 2010 and the petition. In the response, the Attorney-General's Office took the position that the warden was not a party to the Gilman

---

[1] Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

1

1  class, nor would he be a proper party in a separate civil action challenging the application of
2  parole procedures to petitioner as plaintiff.  See Response, filed on November 1, 2010.  Of
3  course, the question the court put to respondent was not whether respondent was a Gilman class
4  member, but whether petitioner herein would be considered one.
5         As the court noted in its prior order, petitioner, in failing to attack the substance of
6  the underlying parole decision denying parole, has not framed claims pursuant to 28 U.S.C. §
7  2254; rather by challenging the constitutionality of state procedures denying parole eligibility or
8  suitability could only possibly proceed, as plaintiff, pursuant to 42 U.S.C. § 1983.  See Order,
9  filed on October 18, 2010, pp. 2-3, with citations.  However, as was further observed, a plaintiff
10 may not as a member plaintiff of a class action for equitable relief from prison conditions
11 maintain a separate, individual suit for equitable relief involving the same subject matter of the
12 class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v.
13 Guthrie, 945 F.2d 1163,1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable
14 relief from alleged unconstitutional prison conditions cannot be brought where there is an
15 existing class action ."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc)
16 ("To allow individual suits would interfere with the orderly administration of the class action and
17 risk inconsistent adjudications.").  See Order, filed on October 18, 2010, pp. 3-4.
18         The court explained in the preceding order that if petitioner did qualify as a
19 member of the Gilman class, the petition would be dismissed and petitioner would proceed as a
20 member of that class.  See Order, filed on October 18, 2010, p. 4.  Otherwise, the undersigned
21 also stated, the petition would be dismissed and petitioner would be granted leave to file, as
22 plaintiff, an individual civil rights action under § 1983 to challenge the constitutionality of the
23 application of Marsy's Law to him.  See id.
24         The parameters of the Gilman class, as is made clear in the Order certifying
25 the class (attached as an exhibit to respondent's response), include petitioner.  Order, filed on
26

1  March 4, 2009, in <u>Gilman v. Fisher</u>, CIV-S-05-0830 LKK GGH,[2] Docket # 10-2 of the instant

2  action, Exhibit 2 to Response.   What is at issue in the suit are: "the <u>procedures</u> used in

3  determining suitability for parole: the factors considered, the explanations given, and the

4  frequency of the hearings."   <u>Id</u>., p. 8 [emphasis in original].  The "frequency of the hearings" is

5  precisely what is at issue in the instant putative petition.

6         The <u>Gilman</u> class is made up of:

7         California state prisoners who: "(i) have been sentenced to a term
       that includes life; (ii) are serving sentences that include the
8         possibility of parole; (iii) are eligible for parole; and (iv) have been
       denied parole on one or more occasions."

9

10  <u>Id</u>., p. 10.[3]

11         Petitioner herein has consented to the jurisdiction of the undersigned (see Docket

12  # 9, filed on October 22, 2010), and although respondent was afforded the opportunity to address

13  the question of whether or not petitioner should be deemed to be a class member, respondent has

14  apparently elected not to do so; therefore, respondent has not made an appearance in this action

15  such that the question of whether or not respondent might consent to or decline the jurisdiction of

16  the undersigned has been rendered irrelevant.  In light of the evidence that petitioner, as plaintiff,

17  qualifies as a member of the <u>Gilman</u> class action, the petition must be dismissed.

18         Petitioner has moved for appointment of counsel.  However, the dismissal of the

19  instant petition renders his request moot.

20         Accordingly, IT IS ORDERED that:

21         1.  The petition is dismissed and petitioner proceeds as a class member in the

22  <u>Gilman v. Fisher,</u> CIV-S-05-0830 LKK GGH, class action; and

23         2.  Petitioner's motion for appointment of counsel, filed on November 15, 2010

---

[2] See Docket # 182 of Case No. 05-CV-0830.

[3] As noted in the October 18, 2010, <u>Order</u>, at p. 3, the Ninth Circuit affirmed the <u>Order</u>, certifying the class.  See Docket # 258 in Case No. 05-CV-0830.

1 | (docket # 11), is denied as moot.

2 | DATED: December 7, 2010        /s/ Gregory G. Hollows

3 | _____       _____
                                   GREGORY G. HOLLOWS
                                   UNITED STATES MAGISTRATE JUDGE
4 | GH:009
    ader2760.ord2